**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 7, 2022

LETTER OPINION

      RE:    Duane H. v. Commissioner, Social Security Administration
                  Civil Case No. JMC-20-3673

Dear Counsel:

      Plaintiff Duane H. has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, in the amount of $8,675.00. ECF 21. The Commissioner filed an opposition objecting to the amount requested, ECF 24, and no reply was filed. I have comprehensively reviewed all of the supporting documents underlying Plaintiff's fee request herein, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Petition for Attorney's Fees will be GRANTED in part and DENIED in part, and fees will be awarded in the amount of $4,836.00.

## I.    BACKGROUND

      Subsequent to a denial of Social Security disability benefits through the administrative appeals process, on December 17, 2020, Plaintiff petitioned this Court to review the Social Security Administration's decision to deny his claim. ECF 1. After Plaintiff's case was fully briefed, including filing of a motion for summary judgment and a reply from Plaintiff's attorney, ECF 9, 18, 19, United States Magistrate Judge J. Mark Coulson granted Plaintiff's motion and remanded his claim to the Social Security Administration ("SSA") under Sentence Four of 42 U.S.C. § 405(g), ECF 20.

      On February 24, 2022, Plaintiff timely filed the instant motion for attorney's fees under the EAJA. ECF 21. Plaintiff's counsel, Jeffrey R. Scholnick, Esq., sought $8,675.00 for 14 hours of attorney work at $387.50 per hour, plus 32.5 hours of paralegal work at $100.00 per hour.

## II. ANALYSIS

      Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

      Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining

*Duane H. v. Commissioner, Social Security Administration*
Civil Case No. JMC-20-3673
July 7, 2022
Page | 2

what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401 (1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

Initially, the $387.50 rate Mr. Scholnick seeks to be paid for his time is impermissible in this context. The EAJA limits the hourly attorney fee to $125, subject to a discretionary cost of living increase since 1996. *See* 28 U.S.C. $2412(d)(2)(A)(II). Using the Consumer Price Index for the region to estimate the cost of living increase as of the time Mr. Scholnick performed his work, a rate of $223.00 appears appropriate.

I note that the documentation of the tasks completed by Mr. Scholnick and the paralegal who worked on the case is done in block form, lumping several tasks into single time entries. ECF 21-1, 21-2. The work also appears to have been billed in 30-minute increments, which is a highly imprecise method of timekeeping. *Id.* A fee applicant has the burden of proving the reasonableness of hours for which compensation is requested by submitting to the court contemporaneous time records that show how the requested hours were allotted to specific tasks. *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). This Court is within its discretion to reduce the fee award as a result of the improper billing entries. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, [a] court may reduce the award accordingly"); *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716-17 (E.D. Va. 2012) (reducing a total fee award by ten percent where attorneys provided vague and incomplete information and "block billed" or lumped several tasks under a single entry). For example, one of the entries here says 4 hours were spent for "reviewed research; draft reply" on October 27, 2021. Given that there were literally no new case citations in the reply brief, this Court would be likely to reduce time for reviewing "research," but cannot do so because it is impossible to tell how much time was spent on that task.

Overall, the total of 46.5 hours exceeds the range of twenty-to-forty hours sometimes deemed reasonable by courts in Social Security appeals. And I agree with the Commissioner that this particular case is of relatively low complexity. The arguments presented here are those frequently made by appellants in these matters and the size of the appellate record is small, making it less time consuming to apply the well-known legal standards to the particular facts of this case. The requested paralegal time, in particular, appears excessive. For example, there are a total of 7 hours billed to draft a reply brief of only 5 pages, including the sizeable caption and signature block. Thus, this Court finds it appropriate to reduce the requested attorney hours by two and to reduce the requested paralegal hours by one-third, making the total 21.6 hours of paralegal time.

Moreover, the total requested award of $8,675.00 puts this case well above most of the recent attorney fees awarded by this Court for successful Social Security appeals in the same procedural posture. *See Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (awarding

*Duane H. v. Commissioner, Social Security Administration*
Civil Case No. JMC-20-3673
July 7, 2022
Page | 3

$4,538.22 on June 6, 2022); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (awarding $2,136.03 on May 16, 2022); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (awarding $2,246.14 on May 18, 2022); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (awarding $1,500.00 on June 1, 2022); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (awarding $4,700.00 on June 1, 2022); *Taneicia L. v. Comm'r, Soc. Sec. Admin.* No. BAH-21-2347 (awarding $4,093.70 on June 23, 2022); *Wendy O. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-1614 (awarding $4,526.92 on June 23, 2022); *Ashley F. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-872 (awarding $2,718.68 on June 27, 2022); *Darrell L. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-744 (awarding $2,168.16 on June 27, 2022); *Michael T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-2050 (awarding $4,325.65 on June 22, 2022); *Christy Y. v. Comm'r, Soc. Sec. Admin.*, No. BAH- 21-2330 (awarding $4,242.32 on June 23, 2022); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-929 (awarding $4,460.20 on June 22, 2022). In light of the block billing and otherwise inadequate time entries in this case, reducing this Court's ability to review the proposed hours for reasonableness, and the discrepancy between the fees sought in this case and the EAJA fees recently awarded by this Court in similarly situated matters, the requested award will be reduced to $4,836.00 (representing 12 hours of attorney time and 21.6 hours of paralegal time), to bring the award closer to (though still above) the heartland of fee awards in like cases.

### III. CONCLUSION

Plaintiff's Petition for Attorney's Fees will be GRANTED IN PART and DENIED IN PART as described above. A separate order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge